IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELA SWAGLER, et al., *

Plaintiffs, *

v. * Civil No.: RDB-08-2289

HARFORD COUNTY, et al., *

Defendants. *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

On September 3, 2008, Plaintiffs Angela Swagler, Elizabeth Walsh, and Joan Walsh filed the present action asserting numerous constitutional and common law claims relating to the arrest, search, and detainment that occurred after Plaintiffs participated in a protest in Harford County on August 1, 2008.

The federal constitutional claims under 42 U.S.C. § 1983—set forth in Counts One through Seven of the Complaint—allege violations relating to Plaintiffs' arrest and to the strip searches that were conducted on the Plaintiffs by several individual officers ("officer Defendants"). In addition, the Plaintiffs have named Harford County ("County") in Counts One through Seven, claiming that its laws, policies, and practices played a role in the officers' allegedly illegal conduct.

Currently pending is the County's Motion for Bifurcation for Discovery and Trial of Counts One, Two, Three and Five (Paper No. 81) and Motion to Sever and for Separate Trial on Counts Four, Six, Seven and Nine (Paper No. 80). In these motions the County first seeks, under Federal Rule of Civil Procedure 42(b), to bifurcate the pending discovery and trial such that Plaintiffs' claims against the officer Defendants would be resolved before addressing the claims

against the County. Second, the County moves this Court, pursuant to Federal Rules of Civil Procedure 21, to sever Counts Four, Six and Seven from Counts One, Two, Three and Five.[1]

**I. Bifurcation of Discovery and Trial**

Under § 1983, a municipality or employer cannot be held vicariously liable based solely upon an agency relationship. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). Thus, the County in this case cannot be found liable unless the Plaintiffs first establish that their constitutional rights were violated during the arrest and strip search conducted by the officer Defendants.

The County contends that prejudice would result if a single trial was held concerning all of the claims brought against the officer Defendants and the County. In addition, they claim that a stay of discovery concerning the issues pertinent to the second trial would serve to conserve the parties' resources and promote judicial economy, especially since a second trial may not be necessary.

Federal Rule of Civil Procedure 42(b), which governs bifurcation, provides that a court may order a separate trial of one or more separate issues, or claims, "for convenience, to avoid prejudice, or to expedite and economize."

The bifurcation of discovery and trial has been granted in several cases involving similar factual circumstances. *See, e.g.*, *Marryshow v. Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991); *Dawson v. Prince George's County*, 896 F. Supp. 537, 539-40 (D. Md. 1995); *Stewart v. Prince George's County*, 2001 U.S. Dist. LEXIS 14586, *3-6 (D. Md. May 23, 2001). This Court finds that bifurcation is again warranted in the present case. To prove a pattern and practice case against the County, Plaintiffs would need to submit evidence of prior misconduct

---

[1] In its motion, the County sought to sever Counts Four, Six, Seven and *Nine* from Counts One, Two, Three and Five. However, this Court issued a Corrected Memorandum Opinion on June 29, 2009, in which it made clear that Count Nine was dismissed against Harford County.

by law enforcement personnel and the County's response to such misconduct—such evidence would unduly prejudice the officer Defendants. In addition, a stay of discovery would serve the interests of efficiency and judicial economy, as there would be no reason to delve into matters relating to the County's policies and practices unless or until the officer Defendants are found to have violated the Plaintiffs' constitutional rights.

Accordingly, the discovery and trial phases in this case will be bifurcated under Rule 42(b) such that the Plaintiffs' claims against the officer Defendants will be resolved in a first trial, and all of the claims against the County will be resolved in a second trial, if necessary. In addition, discovery concerning the issues relating to the claims against the County will be stayed pending the resolution of the claims against the officers.

**II. Severance of Claims**

Harford County contends that severance of the surviving claims asserted against it is warranted because Counts Four, Six and Seven are based solely on events that occurred at the Harford County Detention Center, and that these counts are not factually or legally related to the claims asserted against the County in Counts One, Two, Three and Five.

Fed. R. Civ. P. 21 provides that a court may "sever any claim against a party." A district court has broad discretion in deciding whether to grant severance. *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995) (citing *United States v. O'Neill*, 709 F.2d 361, 369 (5th Cir. 1983)). Severance is usually only warranted in cases where the "claims do not arise out of the same transaction or occurrence or do not present some common question of law or fact." *Dotson v. Joseph*, 2006 U.S. Dist. LEXIS 57334, *3 (W.D. Va. Aug. 16, 2006). This Court has recently recognized "a presumption in favor of the nonmoving party that all claims in a case will be resolved in a single trial and not be severed,

placing the burden on the party moving for severance to show that (1) it will be severely prejudiced without a separate trial; and (2) the issue to be severed is so distinct and separable from the others that a trial of that issue alone may proceed without injustice." *Equal Rights Center v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (internal quotations omitted).

Severance of the claims against the County is not appropriate in this case. All of the causes of action in the Plaintiffs' Complaint arise from the arrest, search, and detainment that occurred after Plaintiffs' participated in an anti-abortion protest in Harford County on August 1, 2008. Indeed, all of the claims that remain against the County in Counts One through Seven are premised upon 42 U.S.C. § 1983. The interests of efficiency and convenience are clearly served by denying severance. Finally, the County has failed to overcome the presumption against severance, as it has offered no substantial reason why it would be prejudiced by the retention of all claims in a single action.

**CONCLUSION**

Defendant Harford County's Motion for Bifurcation for Discovery and Trial of Counts One, Two, Three and Five (Paper No. 81) is GRANTED. Defendant Harford County's Motion to Sever and for Separate Trial on Counts Four, Six, Seven and Nine (Paper No. 80) is GRANTED IN PART and DENIED IN PART insofar as the County's request for bifurcation of discovery and trial is GRANTED for Counts Four, Six, and Seven, while the County's request for the severance of claims is DENIED. A separate Order follows.

Dated: November 4, 2009

/s/______________________________
Richard D. Bennett
United States District Judge